# CRAVATH, SWAINE & MOORE LLP

ALLEN FINKELSON
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER

MARC S. ROSENBERG
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1648

RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS

GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI

———

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

———

OF COUNSEL

PAUL C. SAUNDERS

February 1, 2011

In re the Application of Manuel Jose Lozano
No. 10 Civ. 8485 (KMK)

Dear Judge Karas:

    Respondent respectfully submits this letter in opposition to Petitioner's motion *in limine* to exclude the expert report of Dr. B.J. Cling and to preclude her testimony at trial.

    Although Petitioner purports to seek exclusion on the ground that Dr. Cling's testimony is "irrelevant under Fed. R. Evid. 402" (Pet.'s Ltr. 1), absent from Petitioner's five-page letter is any statement or discussion regarding the standard for relevance under the Federal Rules of Evidence. Notably, Petitioner does not challenge Dr. Cling's qualifications or the reliability of Dr. Cling's opinions under Rule 702 or *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Instead, Peitioner's letter appears to be nothing more than a submission on the merits of the Petition and Respondent's defenses to the Petition.[1]

    Petitioner's motion is governed by Federal Rule of Evidence 401, which defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Fed. R. Evid. 401. The Supreme Court has stated that the standard for relevance under Rule 401 is "a liberal one". *Daubert,*

---

[1] Respondent disagrees with Petitioner's position on the merits, and takes issue in particular with his counsel's characterization of certain cases, especially the *Blondin v. Dubois* line of cases. Except where necessary to address the admissibility of Dr. Cling's report and testimony, however, Respondent will respond to these merits arguments in the post-hearing briefing.

509 U.S. at 587; *see also United States v. Al-Moayad*, 545 F.3d 139, 176 (2d Cir. 2008) (describing Rule 401 as setting a "very low standard").

Petitioner's motion *in limine* to preclude the report and testimony of Dr. Cling is wholly without merit.

*First*, Dr. Cling's report directly bears on the two defenses raised by Respondent: (1) that there is a grave risk that the child's return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation (Hague Convention art. 13(b)); and (2) Petitioner commenced this judicial proceeding more than one year after the child left the U.K., and that the child is now settled in her new environment (Hague Convention art. 12). Moreover, as Petitioner concedes, evidence that the child is well-settled may also be considered as a factor in the analysis of grave risk of psychological harm. (Pet.'s Ltr. 2 n.2 ("[T]he issue of settlement is . . . a factor that may be considered in determining whether a grave risk exists"._); *see also id.* at 3 (expert testimony is appropriate on the issue of whether the children are "'so deeply rooted in the United States that there is grave risk that [their] return would expose [them] to psychological harm'" (quoting *Blondin v. Dubois*, 238 F.3d 153, 165 n.14 (2d Cir. 2001)).)[2] Petitioner does not dispute that Dr. Cling's report is relevant to whether the child is well-settled, but claims that the report is irrelevant to grave risk. Not only is Petitioner's position internally inconsistent, but it is also contradicted by the report itself, in which Dr. Cling states that she assesses "the mental status of Ms. Montoya-Alvarez and [the child] based on their histories and to assess their current level of functioning", and "any psychological harm to [the child] if she is forcibly returned to the U.K. due to either (a) potential danger from her father . . . or (b) psychological disruption related to her being well-settled in her new home in New York".[3] (Cling Report at 1.)

*Second*, Petitioner's argument that the Second Circuit in *Blondin* imposed a new requirement that expert testimony may be introduced only in "exceptional cases" (Pet.'s Ltr. 3, 4) is a mischaracterization. The Second Circuit in *Blondin* held:

> "[R]espondent presented expert evidence precisely with the aim of proving that this is the exceptional case—that is, that the children are 'so deeply rooted in the United States that there is a grave risk that [their] return would expose [them]

---

[2] Petitioner, however, misrepresents the holding of *Blondin*, asserting that the fact that a child is well-settled in the United States means that the child "face[s] a *considerably lower risk* of grave emotional harm" if the child is returned. (Pet.'s Ltr. 3 (emphasis added).) The opposite, in fact, is true. *Blondin*, 238 F.3d at 165.

[3] Petitioner's assertion that "whether it would be in the child's best interest to stay with her mother" in the United States is "wholly irrelevant to this proceeding" (Pet.'s Ltr. 1) is wrong. The law is well-established that although the merits of the underlying custody dispute should not be reached, Article 13(b)'s grave risk analysis "clearly derives from a consideration of the interests of the child". *Blondin*, 238 F.3d at 161 (quotation omitted).

Case 7:10-cv-08485-KMK    Document 52    Filed 09/06/11    Page 3 of 4

3

> to . . . psychological harm. Once the District Court ruled that
> such evidence could be presented in the context of Article
> 13(b), *merely asserting that this is not the exceptional case
> would not suffice to contradict the expert proof that it is . . .*".
> *Blondin*, 238 F.3d at 165 n.14 (emphasis added).

Just like the expert evidence in *Blondin*, Dr. Cling's report and testimony are proffered (along with other documents and testimony), to show that the child is so deeply rooted in the United States that there is a grave risk that her return would subject her to psychological harm. Petitioner's "mere[] assert[ion] that this is not the exceptional case [does] not suffice" to exclude Dr. Cling's expert evidence. *Id.*

Furthermore, "[r]elevance and admissibility of evidence are to be tested without deciding the weight or significance of such evidence when received, or the validity of the theory upon which a party presents its case." *United States v. Am. Cyanamid Co.*, 427 F. Supp. 859, 868 (S.D.N.Y. 1977). "Whether a theory of prosecution or defense being offered at trial has any validity, must be resolved after trial, upon a complete record". *Id.* As such, Petitioner's assertion that "Dr. Cling's report and testimony . . . should not be considered because the proposed evidence does not rise to a level constituting grave risk" (Pet.'s Ltr. 2; *see also id.* at 4) is wrong. Indeed, it is improper for experts to opine on the ultimate legal conclusions, which are within the sole province of this Court to decide. (*See* Resp.'s Motion in Limine at 2 (moving to exclude improper legal opinions from Dr. Fraser's report).)[4]

*Third*, Petitioner appears to argue that "equivocal language" and "hedging" in Dr. Cling's report requires that her opinions be stricken. (Pet.'s Ltr. 4.) It is well-established, however, that under Rule 401, a witness need not "make a home run" in order for the testimony to be relevant. Fed. R. Evid. 401 advisory committee's note (1972). Dr. Cling used her experience to opine on the mental state of Respondent's daughter, and on the risk that the child would suffer psychological harm if she were uprooted from her home here in New York and forced to return to the U.K., the site of the domestic abuse. Petitioner's argument that Respondent must establish that "returning the child to England would *almost certainly* cause a recurrence of traumatic stress that she (purportedly) associates with Mr. Lozano's alleged abuse and the alleged trauma she suffered there" (Pet.'s Ltr. 4 (emphasis added, other emphasis removed)) misstates the

---

[4] Petitioner's assertion that the *Blondin* court held that "it is the children's 'mere presence' in the habitual state of residence that must create the risk of grave psychological harm" (Pet.'s Ltr. 3) is incorrect. The "mere presence" language comes from the court's discussion of whether undertakings could be effective to alleviate the grave risk if the children were to be returned. The court held that there was "nothing the French authorities could do to protect the children from the harm they face in this particular situation, because their mere presence in France, the site of their trauma, would create the risk". *Blondin*, 238 F.3d at 160-61.

law.[5] The standard is "grave risk", not "certainty". Thus, the fact that Dr. Cling does not purport to predict the future with certainty is professionally responsible, and does not undermine the relevance of her report or testimony in any way.[6]

Accordingly, Petitioner's motion should be denied in its entirety. Dr. Cling's expert report should admitted into evidence and she should be permitted to testify to the full extent of her report.

Respectfully,

Lauren A. Moskowitz

The Honorable Kenneth M. Karas
    United States District Judge
        United States Courthouse
            300 Quarropas Street, Chambers 533
                White Plains, NY 10601-4150

BY EMAIL PDF

Copy to:

Sharon M. Mills, Esq.
    Hunton & Williams, LLP
        200 Park Avenue, 52nd Floor
            New York, NY 10166

BY EMAIL PDF

---

[5] Petitioner claims that the child did not suffer from PTSD. (Pet.'s Ltr. 1.) The evidence will show that both Respondent and the child were diagnosed with PTSD when they arrived in the United States and immediately sought psychological treatment, and that through treatment and stable living conditions, they have in large part recovered.

[6] Petitioner argues that the section of Dr. Cling's report entitled "Risk Factors for Future Sexual Abuse" (Cling Report at 6) is irrelevant. (Pet.'s Ltr. 4 n.5.) The Court, however, can and should consider the risk of trauma based on future abuse in addition to the risk of trauma based on return to the site of a previous trauma.